**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN THE MATTER OF:

WHITE BEHAVIORAL CONSULTANTS, PC,

*d/b/a WBC Counseling,*

Debtor.
_______________________________/

Chapter 11

Case No. 25-47920-tjt
Judge Thomas J. Tucker

**ORDER CONFIRMING DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION, WITH CERTAIN MODIFICATIONS, AND CANCELLING THE JANUARY 28, 2026 ADJOURNED CONFIRMATION HEARING**

This case is before the Court on the matter of confirmation of the Debtor's proposed plan, entitled "Small Business Debtor's Subchapter V Plan of Reorganization" (Docket # 53, the "Plan"). The Debtor seeks entry of, in substance, this Order, confirming the Plan (the "Confirmation Order"), under 11 U.S.C. § 1191(b). Due and appropriate notice under the circumstances having been given; all creditors and interested parties having had an opportunity to be heard; the Court having considered the Plan and the record in this Chapter 11 case to date; and also based on the stipulation filed on January 27, 2026 (Docket # 66); the Court enters this Confirmation Order.

**THE COURT FINDS THAT**:

A. The Court has jurisdiction over this bankruptcy case (the "Bankruptcy Case") under 28 U.S.C. §§ 157 and 1334. Venue before this Court is proper under 28 U.S.C. §§ 1408 and 1409. The confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

B. On August 27, 2025, the Court entered a scheduling order (Docket # 41, the "Scheduling Order"), whereby the Court established certain deadlines related to the Plan and creditor voting.

C. The Debtor filed its Plan on November 4, 2025 (Docket # 53)

D. The Debtor is a Michigan professional corporation. The Debtor will fund the Plan with income generated from its business operations, as set forth in the Plan and herein.

E. The Debtor timely transmitted ballots to claim holders in accordance with the Scheduling Order and Rule 3018 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and served copies of the Plan and the Scheduling Order on all required parties.

F. Kapitus Servicing, Inc. ("Kaptius") filed an objection to the Debtor's Plan (Docket # 57).

G. On December 12, 2025, the Debtor filed its ballot summary (Docket # 58, the "Voting Report").

H. The Plan divided creditors into 5 classes. As set forth in the Voting Report, Class 2 (Secured - Kapitus) and Class 5 (General Unsecured) voted to reject the Plan.[1] The remaining classes neither accepted nor rejected the Plan, as the Debtor received no ballots from creditors holding claims in such classes.

I. Subsequently, the Debtor and Kapitus negotiated mutually acceptable resolutions to Kapitus's objections, as set forth herein. As a part of such resolutions, Kapitus has agreed to modify its Class 2 and Class 5 ballots from "rejecting" to "accepting" the Plan. As a result of Kaptius's amendment to its ballots, Class 2 and Class 5 are deemed to have accepted the Plan.

J. The Court has reviewed the Plan and finds that the Plan satisfies and complies with each of the elements necessary for confirmation under §1191(b) of the Bankruptcy Code, in that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan.

K. All capitalized terms not defined herein have the meanings ascribed to them in the Plan.

**IT IS ORDERED THAT**:

---

[1] Two Class 5 creditors submitted ballots: American Express ($12,096.46) – accepting, and Kapitus ($130,500.00) – rejecting.

1. The Plan, including its terms, provisions and exhibits which are incorporated herein by reference, is confirmed under § 1191(b) of the Bankruptcy Code, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2. All objections to confirmation of the Plan have been resolved.

3. The modifications contained in this Confirmation Order constitute modifications allowed under § 1193(a) of the Bankruptcy Code, as the Plan meets the requirements of §§ 1122 and 1123 of the Bankruptcy Code (with the allowed exception of subsection (a)(8) of § 1123). Furthermore, this Confirmation Order does not adversely change the treatment of any claim or interest under the Plan. As a result, under Fed. R. Bankr. P. 3019, the Plan is deemed accepted by all creditors and interest holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to creditors.

4. In resolution of the objection filed by Kapitus (Docket # 57), the Plan is modified as follows:

    a. Notwithstanding the treatment provided for in the Plan, Kapitus will hold an Allowed Secured Claim ("Kapitus Secured Claim") in the amount of $18,056.71, amortized over 5 years at the pre-petition contract interest rate of 10.00% from the Petition Date. The Debtor must pay the Kapitus Secured Claim in equal monthly installments in the anticipated

amount of $362.40, beginning 90 days following the Effective Date (*i.e.* April 28, 2026) and continuing until the Kapitus Secured Claim is paid in full, with interest, as described herein. The Debtor must make such payments directly to Kapitus and payments must be remitted via ACH payment. In the event any ACH is rejected, the Debtor will incur an additional $75.00 fee, which must be remitted with the next ACH payment.

The Debtor authorizes Kapitus to ACH debit from the account set forth on the voided check to be provided by the Debtor at least five (5) business days in advance of the due date of the first payment due to Kapitus under the Plan. If the Debtor changes the bank account from which such ACH debits are being remitted, it must provide Kapitus, within 5 business days of such change, the new bank account information and a written authorization to deduct payments via ACH from such account in accordance with the terms of the Plan and this Confirmation Order.

The Kapitus Secured Claim will be secured, post confirmation, by the same assets described in the Forward Purchase Agreement (Fixed ACH Delivery) dated June 2, 2022 (the "Agreement") and Kapitus's UCC-1 Financing Statement No. 20220603000007-0, filed on June 3, 2022 with the Michigan Secretary of State (the "Kapitus Liens"). Kapitus is authorized, but not required, to file a new post-confirmation UCC financing statement to

continue the perfection of the prepetition security interest described in UCC Financing Statement No. 20220603000007-0.

All other terms of the Agreement will remain in full force and effect. The Agreement will be binding upon and enforceable against the Debtor to the fullest extent under applicable law.

Kapitus reserves all of its rights, remedies, claims and causes of action arising out of or relating to the terms of the guaranties included in and which are a part of the Agreement, and the Agreement, which will not be limited or otherwise affected by the Plan or the Confirmation Order.

A failure by the Debtor to make a payment to Kapitus under the terms of this Plan and Confirmation Order will be an Event of Default. If the Debtor fails to cure an Event of Default as to such payments within five (5) days after receipt of written notice of default from Kapitus, then Kapitus may:

i. Enforce the entire amount of its claim;
ii. Exercise any and all rights and remedies that Kapitus has under applicable law and/or the Agreement; and/or
iii. Seek such relief as may be appropriate in the Bankruptcy Court.

The date of service will be the date Kapitus transmits by email and deposits in the U.S. Mail the notice of default addressed to the Debtor.

Notices of default must be emailed to Anthony Miller - am@osbig.com and Yuliy Osipov - yo_ecf@osbig.com. The Debtor will have the opportunity to cure an Event of Default one (1) time over the life of the Plan. In the event of a second default, Kapitus may proceed with the remedies for enforcement and collection of all amounts due under the Agreement and under applicable law.

With respect to Kapitus, the Plan and/or Confirmation Order will not release or discharge any entity or person (other than the Debtor and only except as expressly provided in the Plan and Confirmation Order), from any liability owed to Kapitus under the Agreement, including, without limitation, interest, costs, attorneys' fees and expenses. This provision will not be an admission by any party that such liability exists. Any discharge of the Debtor under the Plan and/or § 1141(d) and/or § 1192 of the Bankruptcy Code will not apply to the Kapitus Liens or the Kapitus Secured Claim unless and until such time that the Kapitus Secured Claim is paid in full.

The Debtor represents, acknowledges and agrees that it neither holds nor possesses any avoidance, preference, fraudulent conveyance or other claims or causes of action against Kapitus, and will not prosecute or pursue any such claims.

With respect to Kapitus, the Plan and this Confirmation Order will not limit Kapitus's setoff rights under § 553 of the Bankruptcy Code or any rights to recoupment. Nothing in the Plan and/or Confirmation Order will be interpreted to enjoin or limit Kapitus from asserting those rights. This provision is not an admission by any party that such setoff or recoupment rights exist.

If the Debtor files another bankruptcy petition before completing the terms of the Plan, Kapitus's claims will have no lower priority in any subsequent bankruptcy than its claim has in this case.

The Debtor will take all actions, execute, and deliver any and all documents reasonably necessary to carry out the intent of its agreement for the treatment of the Kapitus Secured Claim as set forth in the Plan and this Confirmation Order including, without limitation, to maintain the perfection of Kapitus's security interests described in Kapitus's Proof of Claim (Claim No. 6, filed on December 8, 2025), to reflect any name or address change of the Debtor, and with respect to the obligations under the Agreement, the existing guaranty (or guaranties), this Plan, and this Confirmation Order. The Debtor must immediately inform Kapitus in writing of any name or address changes of the Debtor, and the Debtor will execute any documents

necessary to amend any UCC Financing Statements filed in connection with any liens to reflect the correct name and address of the Parties thereto.

Kapitus reserves all of its rights, remedies, claims and causes of action arising out of or relating to the terms of the guaranties included in and which are a part of the Agreement, including by Michele White, which will not be limited or otherwise affected by the Plan or this Confirmation Order.

b. Kapitus's security interest will be deemed to continue to be perfected as of the date of entry of the Confirmation Order without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law. Kapitus will retain its Lien on all assets of the Debtor (excluding Chapter 5 causes of action and the Debtor's leasehold interests) to the extent of the Kapitus Secured Claim, until the Kapitus Secured Claim is paid in full, after which such Lien must be released upon notice to Kapitus that all payments have been made under the Plan and this Confirmation Order. The Debtor will bear the cost of any release provided for in the Agreement.

c. Kapitus is deemed to have withdrawn its Class 2 ballot rejecting the Plan and to have voted its Class 2 ballot in favor of the Plan.

d. Kapitus will hold an Allowed General Unsecured Claim in the amount of $151,731.52.

e. Kapitus is deemed to have withdrawn its Class 5 ballot rejecting the Plan and to have voted its Class 5 ballot in favor of the Plan.

5. Unless directly and explicitly provided for by this Confirmation Order, nothing in the Plan will be deemed to supersede or alter any prior orders of this Court concerning the allowed amount or dischargeability of any Claim.

6. No just reason exists for delay in the implementation of this Confirmation Order. This Confirmation Order is a final and appealable order under Fed. R. Bankr. P. 7054(a) and 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, and will become final and non-appealable after 14 days of the date of its entry by this Court. This Court will reserve and retain jurisdiction to enforce the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order.

7. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court.

8. Under § 1183(c)(2) of the Bankruptcy Code, the Debtor must file with the Court a Notice of Substantial Consummation within 14 days after the plan has been substantially consummated.

9. In the event of a post-confirmation conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, all property of the Debtor,

Debtor-In-Possession, Successor to the Debtor or Reorganized Debtor, including all property which will revest in the Reorganized Debtor under this Confirmation Order, and all property acquired by the Reorganized Debtor subsequent to the Plan confirmation, will be property of the Chapter 7 estate.

10. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.

11. All executory contracts and unexpired leases to which the Debtor is a party that have not been assumed under the terms of the Plan or other order of the Court will be deemed to be rejected.

12. The Bankruptcy Court retains jurisdiction to:

a. Enter such orders as maybe necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, and other agreements or documents created in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

b. Hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan and all contracts, instruments, and other agreements executed in connection with the Plan;

c. Hear and determine any request to modify the Plan or to cure any defect or omission or reconcile any inconsistency in the Plan or any order of the Bankruptcy Court;

d. Issue and enforce injunctions or other orders, or take any other action that may be necessary or appropriate to restrain any interference with the implementation, consummation, or enforcement of the Plan or the Confirmation Order;

e. Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified, or vacated;

f. Hear and determine any matters arising in connection with or relating to the Plan, the Confirmation Order or any contract, instrument, or other agreement or document created in connection with the Plan, the Disclosure Statement, or the Confirmation Order;

g. Enforce all orders, judgments, injunctions, and rulings entered in connection with the Chapter 11 Case;

h. Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code; and;

i. Enter a final decree closing the Chapter 11 Case.

13. This Confirmation Order will constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, and any documents, instruments, or agreements, and any amendments or modifications thereto.

14. To the extent necessary, the Debtor may initiate proceedings in this Court to alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan or this Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

15. Upon the Debtor's completion of the Plan, subject to any modifications thereto, and upon the filing of a final report of no distribution, the Trustee, or any successor trustee will be discharged from her duties as Trustee.

16. In the event that the Debtor defaults when the payment is due to any party entitled to payment under the Plan, such party may file and serve written notice of such default to the Debtor and the Debtor's counsel of record by U.S. Mail. If any amount in default is not contested in writing or cured within thirty (30) days of receipt of the notice of default, such party, upon filing an Affidavit of Default

attesting to failure to cure said default, will be entitled to pursue any remedies available to it under the Bankruptcy Code.

17. The adjourned confirmation hearing, currently scheduled for January 28, 2026 at 11:00 a.m., is cancelled, as no longer necessary.

**Signed on January 27, 2026**

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**